UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDSOR OAKS ASSOCIATES, LP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>Defendant. | Case No. 22-cv-02109-VC<br><br>**ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS AND ANTI-SLAPP MOTION TO STRIKE**<br><br>Re: Dkt. No. 64 |

The plaintiffs' motion to dismiss the counterclaims and anti-SLAPP motion to strike are denied. This ruling assumes that the readers is familiar with the facts, the applicable legal standards, and the arguments made by the parties. The counterclaims are not barred under California law—the counterclaims assert that Windsor Oaks is at least partly liable for Notre Vue's injuries (and vice-versa), not that Windsor Oaks or Notre Vue "contributed to its own harm." *See Riverhead Savings Bank v. National Mortgage Equity Corp.*, 893 F.2d 1109, 1116 (9th Cir. 1990).[1] The counterclaims are not covered by California's anti-SLAPP statute, because failing to provide adequate OSHA training—the alleged basis for liability—is not protected activity. *See C.W. Howe Partners Inc. v. Mooradian*, 43 Cal. App. 5th 688, 702 (2019).

**IT IS SO ORDERED.**

---

[1] Ultimately, it appears that Sherwin-Williams is just trying to reduce its own potential damages by allocating liability for the fire among the parties—and the plaintiffs acknowledge that Sherwin-Williams would be within its rights to do so. *See* Dkt. No. 64 at 7. It's not clear why Sherwin-Williams didn't just rely on the affirmative defense of comparative fault. But the availability of a comparative fault defense alone would not bar Sherwin-Williams's counterclaims anyway. *See Paragon Real Estate Group of San Francisco, Inc. v. Hansen*, 178 Cal. App. 4th 177, 186–87 (2009).

Dated: June 20, 2024

_____
VINCE CHHABRIA
United States District Judge