UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDSOR OAKS ASSOCIATES, LP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHERWIN-WILLIAMS COMPANY, THE, <br><br> Defendant. | Case No. 22-cv-02109-VC <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING AS MOOT MOTION IN LIMINE** <br><br> Re: Dkt. Nos. 69, 70 |

      The motion for summary judgment is granted. The motion for limine is denied as moot. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

      To the extent the plaintiffs argue that the wood stain's label should have included warnings not required by the FHSA, their claims are preempted. The FHSA's preemption provision (which is curiously located in the "Statutory Notes" rather than in the main body of the U.S. Code) provides that, where a hazardous substance or its packaging is subject to a cautionary labeling requirement under the Act, no state can "establish or continue in effect a cautionary labeling requirement applicable to such substance or packaging and designed to protect against the same risk of illness or injury unless such cautionary labeling requirement is identical" to the one imposed by the Act. 15 U.S.C. § 1261 note (b)(1)(A). The Ninth Circuit has said that this means that the FHSA "expressly preempts all state mandated precautionary labeling that is not identical to that required by the Act." *Chemical Specialties Manufacturers Association, Inc. v. Allenby*, 958 F.2d 941, 949 (9th Cir. 1992).

Even if the FHSA's preemption clause were interpreted more narrowly (and arguably more consistently with its text) as only preempting state-imposed labeling requirements "designed to protect against the same risk of illness or injury" as any labeling requirement imposed by the FHSA—as the plaintiffs argue it should be—the claims would still be preempted. The FHSA requires warnings about combustibility, and both combustibility and spontaneous combustibility pose the risk of injury by fire. *See Vetter v. Rust-Oleum Corp.*, 2023 WL 8890241, at *12 (D.N.J. Dec. 22, 2023); H.R. Rep. 94-1022, at 1031 (1976) (Conf. Rep.) (describing "risk of injury" at this level of generality). Similarly, while the FHSA doesn't specifically require instructions for disposal of the product, instructions about how to safely dispose of a product so as to prevent spontaneous combustion would also be designed to protect against the risk of injury from fire. *See Vetter*, 2023 WL 8890241, at *12–13. So the plaintiffs seek to impose a requirement to warn against a risk of injury that the FHSA addresses, meaning that their claims are preempted even under their interpretation of the preemption clause.

Therefore, the claims avoid preemption only to the extent that the plaintiffs argue that the wood stain's label does not comply with the FHSA. But even then, summary judgment is proper because no reasonable jury could find that the label violates the Act. The FHSA only requires warnings about "principal hazards." 15 U.S.C. § 1261(p)(1)(E). Although combustibility is a principal hazard, combustibility warnings do not need to "refer to spontaneous combustion or to any other more specific permutation of the risk of combustibility" to satisfy the FHSA. *Cambridge Mutual Fire Ins. Co. v. Rust-Oleum Corp.*, 2023 WL 7617984, at *3 (D. Mass. Nov. 14, 2023). Whether one looks at this as meaning that spontaneous combustion is not itself a principal hazard (as several other district courts have held) or as meaning that it is subsumed within the principal hazard of combustibility, the upshot is that the FHSA does not require a separate warning about spontaneous combustion specifically. *See, e.g.*, *Vetter*, 2023 WL 8890241, at *12–13; *State Farm General Insurance Co. v. Sherwin-Williams Co.*, 2021 WL 4913558, at *3–4 (C.D. Cal. July 26, 2021).

The plaintiffs seem to agree that the FHSA does not require a warning about spontaneous

combustion, but argue that, because Sherwin-Williams included one voluntarily, the warning must comply with the FHSA. But they cite no authority for this proposition. Moreover, this rule wouldn't make sense, because it would likely only lead to any nonmandatory warnings being removed altogether, making products less safe. The better view is that, because the FHSA does not require any warning about spontaneous combustibility at all, it also does not impose any requirements regarding the form or content of any warnings that are included voluntarily. *See also, e.g.*, *Vetter*, 2023 WL 8890241, at *12–13; *Mains v. Sherwin-Williams Co.*, 640 F. Supp. 3d 373, 382 n.12 (E.D. Pa. 2022); *State Farm*, 2021 WL 4913558, at *4.

Because Sherwin-Williams's motion for summary judgment is granted, its motion in limine is denied as moot and its counterclaims are dismissed as moot.

**IT IS SO ORDERED.**

Dated: November 4, 2024

VINCE CHHABRIA
United States District Judge